IN THE SUPREME COURT OF THE STATE OF NEVADA

USAA CASUALTY INSURANCE
COMPANY, A TEXAS CORPORATION;
AND UNITED SERVICES
AUTOMOBILE ASSOCIATION, AN
UNINCORPORATED ASSOCIATION,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
DAVID A. HARDY, DISTRICT JUDGE,
Respondents,
   and
RYAN E. UHLMEYER,
Real Party in Interest.

No. 82075

FILED

NOV 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

*ORDER DENYING PETITION*
*FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court's denial of summary judgment in a breach of contract action.

Real party in interest Ryan Uhlmeyer was seriously injured in a car accident while driving in Washoe County. Ryan filed an underinsured motorist (UIM) claim for $50,000 with his automobile insurer, petitioner USAA Casualty Insurance Co. (USAA–CIC), because his accident-related expenses exceeded the tortfeasor's liability insurance coverage limits. Ryan also claimed $100,000 in UIM coverage as an insured under his brother

Kevin Uhlmeyer's USAA–CIC policy. Both policies included an "other insurance" provision, also known as an "anti-stacking" provision, that purported to limit the insured's available UIM coverage "to the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis." Based on this provision, USAA–CIC denied Ryan's request to "stack" coverage under his and Kevin's policies, totaling $150,000 in available coverage, and paid Ryan $100,000—the highest applicable policy limit as between the two policies—apportioning payment between those policies. Ryan sued USAA–CIC for breach of contract, breach of the covenant of good faith and fair dealing, and breach of Nevada's Unfair Trade Practices. The district court later granted USAA–CIC summary judgment as to Ryan's statutory bad faith claim and denied summary judgment otherwise, concluding that the other-insurance provision "may not meet the clarity requirement of NRS 687B.145(1)." USAA–CIC petitioned for a writ of mandamus asking this court to compel the district court to grant summary judgment in its favor, arguing that its other-insurance provision is valid as a matter of law.

A writ of mandamus is an extraordinary remedy that is within this court's sole discretion to consider. *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). Writ relief is available to compel performance of a clear legal duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). But writ relief is not available when an adequate and speedy legal remedy exists, including an

appeal from a later final judgment. *Id.*; *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). This court therefore will not grant writ relief from a district court's interlocutory denial of summary judgment "unless summary judgment is clearly required by a statute or rule, or an important issue of law requires clarification." *D.R. Horton, Inc. v. Eighth Judicial Dist. Court,* 125 Nev. 449, 453, 215 P.3d 697, 700 (2009) (quoting *Anse, Inc. v. Eighth Judicial Dist. Court,* 124 Nev. 862, 867, 192 P.3d 738, 742 (2008)).

USAA–CIC has a speedy and adequate remedy at law in the form of an appeal of the final judgment in this case, including the district court's decision as to the other-insurance provision's clarity under NRS 687B.145(1) (permitting an insurer to limit inter-policy stacking of UIM benefits with an anti-stacking provision subject to several prerequisites); *Pan,* 120 Nev. at 224, 88 P.3d at 841. Even crediting USAA-CIC's clarity argument—a matter we do not decide—it does not appear that writ relief would resolve the case because the district court did not reach NRS 687B.145(1)'s other requirements—i.e., that the other-insurance provision must be prominently displayed in the policy and the named insureds must not have purchased separate premiums calculated for full reimbursement on the same risk, *Neumann v. Standard Fire Ins. Co.,* 101 Nev. 206, 209, 699 P.2d 101, 103 (1985)—the latter of which poses undeveloped issues of fact. *Walker v. Second Judicial Dist. Court,* 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1198 (2020) (holding that writ relief is improper when issues of fact remain); *see also Serrett v. Kimber,* 110 Nev. 486, 488-89, 874 P.2d 747, 749 (1994) (holding that an insurer must produce actual evidence to satisfy NRS

687B.145(1)'s separate-premiums requirement). Accordingly, extraordinary writ relief is not warranted, and we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. David A. Hardy, District Judge
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Leverty & Associates Law, Chtd.
       Washoe District Court Clerk